UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JEFFREY GRUNE,**

    **Plaintiff,**

 v.                                                  9:99-CV-2130
                                                         (NAM)(GJD)

**DONALD R. MUNDY, SR.,** *Sheriff, Otsego County,* **ET AL.**

    **Defendants.**
_____

**APPEARANCES:**                 **OF COUNSEL:**

**For the Plaintiff**:

Office of Raymond J. Dague        RAYMOND J. DAGUE, ESQ.
472 South Salina Street
Suite 620 Empire Building
Syracuse, NY 13202

**For the Defendants:**

Konstanty Law Office              JAMES E. KONSTANTY, ESQ.
252 Main Street
Oneonta, NY 13820
607-432-2245

**NORMAN A. MORDUE, U.S. JUDGE**

## **ORDER**

    On December 8, 1999, Plaintiff Jeffrey Grune, presently incarcerated in Fishkill Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 alleging that various violations of his civil rights occurred while incarcerated in the Otsego County Jail.

    Plaintiff is currently serving a New York State felony sentence and may be incarcerated for another two to four years. Attorney Raymond Dague was appointed as Pro Bono Counsel on February 22, 2002, after several motions to dismiss were denied. Magistrate Judge Gustave J.

DiBianco has conducted several telephone conferences, but delays have been caused by plaintiff's changes of address, incarcerations, and inability to be available for pretrial discovery. As explained to the parties, the United States Marshal is not obligated to transport plaintiff since plaintiff is pursuing claims that do not involve federal defendants. The plaintiff is in New York State custody, but the State in not obligated to transport him since plaintiff's case is against Otsego County defendants. Further, since plaintiff is no longer in Otsego County Jail, the County officials cannot transport plaintiff.

On September 9, 2005, defendant's counsel filed a Status Report and requested that the Court dismiss this case for failure to prosecute pursuant to Local Rule 41.2 and Rule 41(b) of the Federal Rules of Civil Procedure. The Court held a conference today, and the parties have agreed that this case should be administratively closed until plaintiff can actively participate in the prosecution of this action.

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED** that the Clerk of the Court is instructed to submit a JS-6 (using Statistical Code 18) to the Administrative Office of the United States Courts.

The parties are advised that nothing contained in this order shall be considered a dismissal or disposition of the above entitled action, and should further proceedings become necessary or desirable, any party may reopen the action by advising the Court in writing that the above entitled action should be reopened.

Upon notification to reopen the action, the parties are directed to request a conference with the undersigned so that a new trial scheduling order can be issued.

**ORDERED**, that the Clerk of the court serve a copy of this order upon the parties and the plaintiff by regular mail.

Dated: December 28, 2005

Norman A. Mordue
U.S. District Judge